CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

OCT 3 0 2007

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| PATRICIA M. HARLOW, | ) | CASE NO. 3:07CV00020 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | By: B. Waugh Crigler |
| of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's February 26, 2005 protectively filed claim for disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING plaintiff's motion for summary judgment to the extent that the Commissioner's final decision is not supported by substantial evidence, but DENYING the motion to the extent it seeks reversal with entry of judgment in her favor and, for "good cause" shown, REMANDING the case to the Commissioner for further proceedings.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date, June 2, 2001, and that she was insured for benefits through September 30, 2006. (R. 16, 52.) The Law Judge found that her depression and anxiety

were non-severe impairments.[1] (R. 16.) The Law Judge also found that plaintiff's obesity[2], back and knee pain, and history of breast cancer were a severe combination of impairments, but evaluated individually or in combination, were not severe enough to meet or equal a listed impairment. (R. 16-17.) The Law Judge was of the view that she was "not entirely credible" based on the fact that her statements concerning her impairments and their impact on her ability to work are considerably more limited and restricted than the medical evidence establishes and her own contemporaneous statements to treating sources and contemporaneous treating and examining source notes. (R. 18-19, 21.) The Law Judge determined that plaintiff retained the residual functional capacity (RFC) to perform light work which involves no climbing ladders, ropes and scaffolds and other postural activities only occasionally (climbing stairs or ramps, balancing, stooping, kneeling, crouching and crawling). (R. 18.) The Law Judge further determined that this RFC did not preclude her from performing her past relevant work as a general retail sales person and a retail manager, as the positions are actually and generally performed. (23-24.) Thus, the Law Judge ultimately concluded that plaintiff was not disabled under the Act. (R. 25.)

Plaintiff filed a timely request for review by the Appeals Council and submitted additional evidence. (R. 6-8, 372-383.) The Appeals Council determined that the evidence did not provide a basis for changing the Law Judge's decision and denied the request for review (R. 6-7.) Thus, the Law Judge's decision was adopted as the final decision of the Commissioner.

In a brief filed in support of her motion for summary judgment, plaintiff initially argues

---

[1] Under the regulations, a "non-severe" impairment is an impairment or combination of impairments which does not "significantly limit [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a).

[2] Plaintiff testified that she is 5'4.5" tall and weighs 262 pounds. (R. 392.)

2

that the Law Judge erred in finding that her anxiety and/or panic attacks were not severe impairments. (Plaintiff's Brief, pp. 6-7.) She argues that the Law Judge's finding that these conditions were not severe impairments was based solely on the opinions of the two record reviewing physicians. (Pl's Brief, p. 6.) Finally, plaintiff contends that her anxiety and panic attacks have more than a minimal effect on her ability to perform basic work activities. (Pl's Brief, p. 7.) A "severe impairment" is an impairment or combination of impairments that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c).

Plaintiff reported that she began experiencing problems with anxiety and taking medication for the condition when she was eleven years old. (R. 255.) The record is full of instances where she reports suffering with anxiety and panic attacks. (R. 62-63, 73, 76, 78, 101, 105-106, 114, 121, 160-161, 163-164, 251-252, 255-256, 347.) For example, plaintiff contends that she becomes very nervous when she goes out in public and experiences panic attacks. (R. 62.) She also contends that she doesn't deal with stress well at all, and that it tends to cause her to have panic attacks which make her feel like her bones "are going to jump out of [her] skin." (R. 106.)

Plaintiff's daughter confirmed that her mother experiences severe anxiety and panic attacks. (R. 96-97.) She reported that her mother does not handle stress well and that she experiences terrible anxiety attacks which prevent her from functioning "normally." (R. 96.) Plaintiff's daughter also reported that her mother's anxiety attacks come on her suddenly and leave her bedridden for several hours or require her to take medication. (R. 97.)

The medical evidence shows that over the years plaintiff's anxiety and panic attacks have

been treated with different medications and combinations of medications.[3] Plaintiff's medications and dosages have been changed periodically in an effort to find the right combination that affords relief from the effects of her anxiety and panic attacks. (R. 110, 131, 135, 149, 161, 176-177, 189, 197, 251-256, 272-273, 287, 313, 329-332.)

The substantial evidence in the record more than amply demonstrates that plaintiff suffers anxiety and panic attacks which have more than a minimal effect on her ability to perform basic work activities. Thus, the undersigned finds that the Law Judge's finding that her anxiety and panic attacks are not severe impairments is not supported by substantial evidence. Therefore, the Law Judge's determination of plaintiff's residual functional capacity and her ability to perform her past relevant work must be reexamined in light of her severe mental impairment. "Good cause" has been shown to remand this case to the Commissioner for further proceedings.

As an aside, the undersigned notes that the additional evidence presented to the Appeals Council provides information relevant to plaintiff's anxiety and panic attacks and the extent to which they impact her ability to perform substantial gainful activity. For instance, the additional evidence includes a report from Robert L. Muller, Ph.D., a psychologist who evaluated plaintiff on January 16, 2007. (R. 376-383.) In his report, Dr. Muller opined that plaintiff had a GAF of 50[4] and that she did not appear capable of dealing with the stress inherent in the competitive work environment.[5] (R. 378.) He further opined that her prognosis was dependent upon whether

---

[3]The record shows she has been treated with Lexapro, Librium, Buspar, Effexor, Zoloft, and Remeron.

[4]The GAF scale ranges from 0 to 100. *Arnold v. Astrue*, 2007 WL 3070453, *4 n.2 (W.D.Va. 2007) (citing Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 32 (4th ed.1994)). Scores below 50 reflect serious impairment in functioning, and scores between 61 and 70 indicate only mild symptoms or difficulties. *Id.*

[5]The undersigned finds it noteworthy that even though this *2007* evaluation was the first time Dr. Muller assessed plaintiff's impairments, he opined that she had "likely been" functioning at

4

she received outpatient psychological treatment. (*Id.*)

For these reasons, the undersigned RECOMMENDS that an Order enter GRANTING the plaintiff's motion for summary judgment to the extent that his final decision is not supported by substantial evidence, but DENYING the motion to the extent it seeks reversal with entry of final judgment in her favor. The Order should REMAND the case to the Commissioner for further proceedings. and it should provide that, in the event the Commissioner is unable to grant benefits on the current record, he forthwith is to recommit the case to a Law Judge to conduct supplemental proceedings in which both sides can present additional evidence.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ _____
U.S. Magistrate Judge

10/30/07
Date

---

a similar level since discontinuing her employment in *2001*. (R. 378.)