CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

APR 1 7 2008

JOHN F. CORCORAN, CLERK
BY: /s/
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| PATRICIA A. HARLOW,<br><br>          *Plaintiff,*<br><br>v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,<br><br>          *Defendant.* | CIVIL ACTION NO. 3:07cv00020<br><br><br>ORDER<br><br><br>JUDGE NORMAN K. MOON |

  This matter is before the Court upon the parties' cross-motions for summary judgment (docket entry no. 12, 14), the Report and Recommendation of the U.S. Magistrate Judge (docket entry no. 16), and the defendant's objections thereto (docket entry no. 17). I referred this matter to the Honorable B. Waugh Crigler, United States Magistrate Judge, for proposed findings of fact and a recommended disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) & (C). The Magistrate filed his Report and Recommendation ("Report") on October 30, 2007, recommending that this Court enter an order granting the plaintiff's motion for summary judgment to the extent that the Commissioner's final decision is not supported by substantial evidence, but denying it to the extent that it seeks reversal with entry of judgment in her favor, and remanding this case to the Commissioner for further proceedings. The defendant timely filed objections to the Report on October 31, 2007, obligating the Court to undertake a *de novo* review of those portions of the Report to which objections were made. 28 U.S.C. § 636(b); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). After a thorough examination of the defendant's objections, the supporting memoranda, the applicable law, and the documented record, I hereby adopt the Report of the Magistrate Judge and

remand this case to the Commissioner for further proceedings consistent with the Report.

## I. BACKGROUND

The plaintiff, Patricia Harlow, protectively filed an application for disability insurance benefits on February 26, 2005,[1] pursuant to the Social Security Act, 42 U.S.C. § 401 *et seq.*, for an alleged disability that began on June 2, 2001. The application was denied initially on July 18, 2005, and upon reconsideration on November 9, 2005. Thereafter, Harlow requested a hearing before an administrative law judge ("ALJ"), which was held on September 1, 2006.

The ALJ determined, in his decision dated December 8, 2006, that Harlow had not engaged in substantial gainful activity during the relevant time period ®. 16), and that she had severe impairments of obesity, back and knee pain, and a history of breast cancer (*Id.*). The ALJ further determined that Harlow's depression and anxiety were non-severe impairments. ®. 16.) The ALJ found, however, that Harlow's obesity, back and knee pain, and history of breast cancer did not meet or equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. ®. 17.) The ALJ also found Harlow to not be entirely credible because her statements regarding the intensity, persistence, and limiting effects of her impairments were not consistent with the objective medical evidence and portrayed her as significantly more limited in her ability to work than the medical evidence, her own contemporaneous statements to treating sources, and contemporary treating and examining source notes did. ®. 18–21.) As a result, the ALJ concluded that Harlow had the residual functional capacity to perform light work,[2] including past relevant work as a general retail sales

---

[1]The date of Harlow's application in the administrative index is March 14, 2006, but both the ALJ and the Magistrate identify the date of filing as February 26, 2005, and, therefore I will adopt that date as well for the sake of consistency.

[2]Light work involves lifting no more than twenty pounds at a time occasionally and ten pounds frequently, and the ability to sit, stand, or walk six hours a day. ®. 18.) If a person is able to perform light work, then he or she can also perform sedentary work, unless medically

person and retail manager, and therefore, was not disabled as defined in the Social Security Act. (R. 18, 23–25.)

Harlow timely appealed the ALJ's decision to the Appeals Council and submitted additional evidence to support her claims for disability because of depression and/or anxiety. (R. 9–10, 372–83). This evidence included a report from Robert L. Muller, Ph.D, a psychologist who evaluated Harlow on January 16, 2007, and performed a Minnesota Multiphasic Personality Inventory-2 (MMPI-II) evaluation of Harlow. (R. 376–77, 382.) Dr. Muller concluded that Harlow may be manifesting significant anxiety and depression, and opined that she had a GAF of 50 and is incapable of handling the stress inherent in a competitive working environment.[3] (R. 377–78.) Dr. Muller indicated that this prognosis was dependant upon whether Harlow received outpatient psychological treatment. (R. 378.) The Appeals Council considered this evidence and determined that it did not provide a basis for changing the ALJ's decision. (R. 6–7.) Accordingly, the Appeals Counsel denied her request for review and adopted the ALJ's decision as the final decision of the Commissioner. (R. 6.) Harlow timely filed the instant action on April 3, 2007, to obtain judicial review.

The parties filed cross-motions for summary judgment, and the Magistrate Judge recommended, in his Report dated October 31, 2007, that this case be remanded to the ALJ, pursuant to 42 U.S.C. § 405(g), for further proceedings because the ALJ's decision is not supported by

---

unable to sit for long periods of time. (*Id.*)

[3]The GAF scale is a method of measuring a person's psychological, social, and occupational function on a continuum of mental health. *See* Am. Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorders* 32 (4th ed. 1994). The GAF scale ranges from 0 to 200, with a score between 61 and 70 indicating only mild symptoms or difficulty in social, occupational, or school functioning and a score below 50 reflecting a serious impairment in functioning. *Id.*

3

substantial evidence. Specifically, the Magistrate found that the ALJ's decision that Harlow's anxiety is not a severe impairment is not supported by the medical evidence or Dr. Muller's report. The defendant timely objected and argues that (1) the Magistrate misapplied the standard of review; (2) substantial evidence existed to support the ALJ's finding that Harlow's anxiety and panic attacks were nonsevere; and (3) the newly submitted evidence did not satisfy the requirements for a remand under § 405(g).

## II. STANDARD OF REVIEW

This Court must uphold the Commissioner's factual findings if they are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), and consists of "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is responsible for evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545. Any conflicts in the evidence are to be resolved by the Commissioner (or his designate, the ALJ), not the Courts, and it is immaterial whether the evidence will permit a conclusion inconsistent with that of the ALJ. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). The Court may not re-weigh conflicting evidence, make credibility determinations, or substitute its judgement for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

4

Instead, the Court may only consider whether the ALJ's finding that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Craig*, 76 F.3d at 589.

### III. DISCUSSION

The regulations limit the Appeal Council's ability to consider additional evidence after the ALJ has made his decision. The evidence may be considered only if it is (1) new; (2) material; and (3) relates to the period on or before the ALJ made his decision. 20 C.F.R. § 409.970. Evidence is deemed "new" if it is neither duplicative nor cumulative, and it is material if there is a reasonable probability that the evidence would have changed the outcome in the case. *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991). If the evidence satisfies these three requirements, the Appeals Council must evaluate the entire record—including the new and additional evidence—and grant review if the ALJ's decision is contrary to the weight of the evidence in the record. 20 C.F.R. § 409.970.

The Appeals Council is not obligated to provide a reason if it refuses to grant review, and by denying review, the decision of the ALJ automatically becomes the final decision of the Commissioner. *Freeman v. Halter*, 15 Fed. Appx. 87, 89 (4th Cir. 2001) (unpublished) ("[T]he regulation addressing additional evidence does not direct that the Appeals Council announce detailed reasons for finding that the evidence did not warrant a change in the ALJ's decision."); *Ridings v. Apfel*, 76 F. Supp. 2d 707, 709 (W.D. Va. 1999). *But see Thomas v. Comm'r of Soc. Sec.*, 24 Fed. Appx. 158, 162–63 (4th Cir. 2001) (unpublished) (remanding case to ALJ to determine effects of supplemental evidence by treating physician that was not analyzed or explained by the Appeals Council). The district court must consider the record as a whole, including the new evidence, when determining whether the decision of the ALJ is supported by substantial evidence. *Wilkins*, 953 F.2d

at 96. This review is difficult, however, given that it is the role of the ALJ, and not the reviewing court, to resolve conflicts in the evidence. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

Therefore, the district court is forced to reconcile its duty to review the entire record, including any additional evidence required by *Wilkins*, with its duty to abstain from making credibility determinations or resolving conflicts in the evidence. The court cannot weigh the additional evidence, but can merely determine whether it is contradictory, calls into doubt any decision grounded in the prior medical reports, or presents material competing testimony. *Bryant v. Barnhart*, No. 6:04cv00017, 2005 WL 1804423, *5 (W.D. Va. Jan. 21, 2005); *Ridings*, 76 F. Supp. 2d at 710. Accordingly, the case must be remanded to the Commissioner to weigh and resolve conflicting evidence if the new evidence presents such a conflict. *Bryant*, 2005 WL 1804423, at *5; *Thomas*, 24 Fed. Appx. at 162–63.

Here, the additional evidence presented to the Appeals Council—Dr. Muller's psychological evaluation and MMPI-II profile—creates a conflict in the evidence such that the ALJ's decision is no longer supported by substantial evidence. Therefore, a remand is required so that the ALJ can weigh this additional evidence and determine if Harlow has a severe impairment as a result of her anxiety or depression.[4] The ALJ properly determined, based on the medical evidence available at the time, that Harlow's anxiety and depression were not severe impairments, given that there was little to no objective medical evidence to support her alleged impairment and no evidence that her

---

[4]The defendant incorrectly argues that the additional medical evidence does not satisfy the requirements for a § 405(g) remand. The defendant's objection address the requirements of a sentence six remand, however, and not a remand pursuant to sentence four. Therefore, the defendant's objections are inapplicable. The additional evidence provided by the plaintiff is new, given that it is neither duplicative nor cumulative, and it is material because it may change the decision of the ALJ. Further, the additional evidence relates to the relevant time period because Dr. Muller opined that Harlow's anxiety had likely been functioning at this level for years, which would predate the ALJ's decision. Accordingly, I find the defendant's objection inapplicable to this additional evidence.

6

daily living activities were impacted by her anxiety or depression.[5] Dr. Muller opined in his psychological evaluation, however, that Harlow is incapable of handling the stress inherent in the competitive work environment and has a GAF of 50, which indicates a severe impairment in mental health functioning. ®. 378). This report is the first objective medical evidence of Harlow's impairment and calls into question the ALJ's decision, considering that it had been based on the prior medical evidence. The ALJ may determine that this report does not change his assessment of Harlow's lack of impairment or credibility, but that is for the ALJ, not this court, to decide. *Smith*, 99 F.3d at 638. Accordingly, this case is remanded, pursuant to 42 U.S.C. § 405(g), to the Commissioner for further proceedings to determine—in light of the additional medical evidence—whether Harlow is severely impaired mentally because of her anxiety and depression.

## IV. CONCLUSION

After a thorough examination of the defendant's objections, the applicable law, the documented record, and the Magistrate's Report, the Court overrules all objections and finds that the Commissioner's decision that the plaintiff is not disabled is not supported by substantial evidence in the record. Accordingly, I will ADOPT the Report and Recommendation of the United States Magistrate Judge filed October 30, 2007, DENY the defendant's motion for summary judgment (docket entry no. 14), GRANT the plaintiff's motion for summary judgment (docket entry no. 12) to the extent that the Commissioner's decision is not supported by substantial evidence, but denying the motion to the extent that it seeks reversal with entry of judgment in her favor, and REMAND this case to the Commissioner for further proceedings consistent with the Report.

---

[5]The medical evidence of Harlow's anxiety and depression available to the ALJ consisted of only complaints of anxiety to her treating physicians, but no treatment or evaluation by a qualified mental health professional. The treating physicians had prescribed a number of different medications, including Lexapro, Librium, Buspar, Effexor, Zoloft, and Remeron, which appeared to treat her condition.

7

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

Entered this 17th day of April, 2008

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

8