
CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JUN 19 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

PATRICIA A. HARLOW,

        *Plaintiff,*

v.

MICHAEL J. ASTRUE, COMMISSIONER OF
SOCIAL SECURITY,

        *Defendant.*

CIVIL ACTION NO. 3:07cv00020

MEMORANDUM OPINION AND
ORDER

JUDGE NORMAN K. MOON

  This matter is before the Court on Defendant's Rule 59(e) Motion to Alter or Amend Judgment (docket entry no. 19). Defendant argues in his motion that the evidence submitted by Plaintiff to the Appeals Council—the evaluation report prepared by Dr. Muller—is not "new" under 20 C.F.R. § 404.970 and, therefore, should not have been considered in remanding this matter to the Administrative Law Judge. As a result, Defendant asks the Court to alter or amend the Order entered April 17, 2008, and grant his motion for summary judgment. For the reasons that follow, I hereby deny Defendant's motion to alter the judgment.

## I. BACKGROUND

  The plaintiff, Patricia Harlow ("Harlow"), filed an application for disability insurance benefits on February 26, 2005, under the Social Security Act, 42 U.S.C. § 401 *et seq.*, for an alleged disability that began on June 2, 2001. Harlow claimed that she was unable to work because of back and knee pains, obesity, allergies, nervousness, and panic attacks. The application was denied on July 18, 2005, and upon reconsideration on November 9, 2005. Thereafter, Harlow requested a hearing before an Administrative Law Judge ("A.L.J.") who denied her application in a written

decision dated December 8, 2006.

The A.L.J. determined that Harlow had severe impairments of obesity, back and knee pain, and a history of breast cancer, but that none of these impairments met or equaled any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ also determined that Harlow's depression and anxiety were non-severe impairments. The ALJ based these conclusions, in part, on his finding that Harlow was not entirely credible because the intensity, persistence, and limiting effects of her impairments were not consistent with the objective medical evidence. For these reasons, the ALJ concluded that Harlow had the residual functional capacity to perform light work and, therefore, was not disabled as defined in the Social Security Act.

Harlow appealed the ALJ's decision to the Appeals Council and submitted additional evidence to support her claim for disability due to depression and/or anxiety. This additional evidence consisted of a report prepared by Robert L. Muller, Ph.D, a psychologist who evaluated Harlow on January 16, 2007, and found that she manifested significant anxiety and depression, was incapable of handling the stress inherent in a competitive working environment, and had a GAF of 50, which indicated a serious impairment in functioning. The Appeals Council considered this evidence and determined that it did not provide a basis for changing the ALJ's decision, but did not further discuss or comment on Dr. Muller's report.

Harlow appealed the decision on April 3, 2007, to obtain judicial review and the matter was referred to the Honorable B. Waugh Crigler, United States Magistrate Judge, for proposed findings of fact and a recommended disposition. The parties filed cross-motions for summary judgment, and the Magistrate Judge recommended in his Report and Recommendation ("Report") dated October 31, 2007, that this case be remanded to the ALJ, pursuant to 42 U.S.C. § 405(g), for further proceedings because the ALJ's decision was not supported by substantial evidence in light of Dr.

Muller's report.

Defendant objected to the Report, but I denied his objections and adopted the Report in an order dated April 17, 2008, because Dr. Muller's report created a conflict in the evidence such that the ALJ's decision was no longer supported by substantial evidence. Specifically, I held that because the district court is not permitted to make credibility determinations or resolve conflicts in the evidence, I was required to remand the case because of the contradictory objective medical evidence—Dr. Muller's report—submitted by Harlow.[1] Thus, I denied his objections and granted Harlow's motion for summary judgment, but only to the extent that the ALJ's decision was not supported by substantial evidence.

Defendant filed a motion to alter or amend the judgment on April 24, 2008, pursuant to Federal Rule of Civil Procedure 59(e), and argues that Dr. Muller's report is not "new" as defined by 20 C.F.R. § 404.970 and interpretive case law and, therefore, should not have been considered for the purpose of a § 405(g) remand. Defendant argues that the ALJ's decision that Harlow was not disabled is supported by substantial evidence if this "new" evidence is not considered and asks the Court to alter its Order issued April 17, 2008, to grant his motion for summary judgment and deny Harlow's motion.

---

[1] I did not find, however, that the additional evidence was adequate to establish Harlow's anxiety and depression as severe within the meaning of 20 C.F.R. § 404.1521 despite Harlow's assertions to the contrary. In fact, I specifically stated that I am prohibited from making such a determination and that only the ALJ can weigh the additional evidence. Instead, I found that the ALJ had determined properly that the medical evidence available at the time, or the lack thereof, did not establish that Harlow's anxiety and depression were severe impairments, but I also found that Dr. Muller's report calls into question this conclusion as it presents the first objective medical evidence in support of her claim. As a result, I concluded that Dr. Muller's report contradicted the ALJ's finding, but that it was the job of the ALJ, not the court, to determine if this report was sufficient to establish Harlow's anxiety and depression as severe.

3

## II. DISCUSSION

Evidence is considered "new" as it relates to 20 C.F.R. § 404.970 if it is neither duplicative nor cumulative. *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (describing the requirements that must be satisfied for the Appeals Council to consider additional evidence under 20 C.F.R. § 404.970(b)). The new evidence must relate to the period on or before the date of the ALJ's decision. 20 C.F.R. § 404.970(b). This does not mean, however, that the evidence had to be in existence during that period. *See Wilkins*, 953 F.2d at 95–96 (finding that letter of treating physician written after the ALJ issued his decision is new and must be considered by the Appeals Council because a physician may offer a retrospective opinion on the past extent of an impairment); *Wooldridge v. Bowen*, 816 F.2d 157, 160 (4th Cir. 1987) (holding the requirement that evidence relate to a period on or before the ALJ's decision does not mean it must have existed at that time). Instead, evidence is to be considered so long as it has a bearing upon whether the claimant was disabled during the relevant time period. *Cunningham v. Apfel*, 222 F.3d 496, 502 (8th Cir. 2000) (noting that the timing of a medical examination is not dispositive of whether evidence is material and that "medical evidence obtained after an ALJ decision may be material[, and by implication new,] if it relates to the claimant's condition on or before the date of the ALJ's decision").

The Court appreciates Defendant's concern that permitting a claimant to obtain medical evidence after the ALJ's decision will impede administrative finality. In fact, Judge Chapman adopted this very position in his dissent in *Wilkins*. *See Wilkins*, 953 F.2d at 96–97 (Chapman, J., dissenting). Nevertheless, the Fourth Circuit has held that medical evidence need not have been in existence at the time the ALJ issued his decision to be considered. *See, e.g., Wilkins*, 953 F.2d at 95–96; *see also Bowen v. Sec'y, Dep't of Health & Human Servs.*, 922 F.2d 835 (4th Cir. 1991)

4

(unpublished) (concluding that report of a medical evaluation conducted after the ALJ's decision is new because it could not have been submitted at the time of the hearing). Accordingly, Dr. Muller's report is "new" evidence that must be considered in determining whether the ALJ's decision was supported by substantial evidence.

Moreover, the Appeals Council received Dr. Muller's report and considered it in reviewing the ALJ's decision. (R. 6.) There is no indication the Appeals Council rejected this evidence or considered it not relevant under 20 C.F.R. § 404.970(b). The Appeals Council did not explain, however, why this contradictory medical evidence did not warrant a change in the ALJ's decision.[2] The Appeals Council may have concluded that Dr. Muller's report did not establish that Harlow has a severe impairment under the Act. Alternatively, the Appeals Council could have decided that Dr. Muller's report was too inconsistent with the remaining objective medical evidence, particularly in light of the ALJ's finding that Harlow was not entirely credible, to reverse the ALJ's decision. Unfortunately, I can only speculate as to the Appeals Council's reasons, but given that Dr. Muller's report is not duplicative or cumulative of the evidence submitted to the ALJ, that it may have changed the ALJ's decision by providing objective evidence of her claims and may contradict his finding that Harlow is not credible, and that the report relates back to the relevant time period in finding that Harlow has likely been suffering these symptoms since 2001, I find that a remand is appropriate so that the Commissioner may weigh and resolve the conflicting evidence if indeed Dr. Muller's report presents such a conflict. *Thomas v. Comm'r of Soc. Sec.*, 24 Fed. Appx. 158, 162–63 (4th Cir. 2001); *Bryant v. Barnhart*, No. 6:04cv00017, 2005 WL 1804423, at *5 (W.D. Va. Jan 21,

---

[2]The Appeals Council was not obligated to provide a reason for its refusal to grant review, but the failure to address this additional evidence hinders meaningful judicial review because of the inability of this court to weigh the additional evidence or make credibility determinations.

5

2005).

## III. CONCLUSION

For the reasons stated herein, I hereby DENY Defendant's motion to alter or amend the Judgment entered on April 17, 2008, because the report of Dr. Muller was "new," "material," and related back to the relevant period of time. Accordingly, I hereby REMAND this case to the Commissioner for further proceedings consistent with the Report.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

Entered this 19th day of June, 2008

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE